### STATE OF MINNESOTA

*vs.*

### HENRIETTA CHARLES.

The city justice of St. Paul, being a justice of the peace, the legislature could not, under the constitution. confer jurisdiction on him over offenses against *Gen. Stat. ch.* 100, *sec.* 9, by which keeping a

State of Minnesota v. Charles.

house of ill-fame is made punishable by imprisonment in the state prison.

A motion, therefore, to quash the indictment framed under said statute, on the ground that the city justice had exclusive original jurisdiction of the offense charged therein, was held to have been rightly denied.

The provisions of the city charter as amended by *sec.* 5, *ch.* 20 *of Special Laws of* 1870, have not transferred to and vested in the city the exclusive jurisdiction over said offense, and said statute has not been superseded within the city limits by the city ordinance on the subject.

The defendant was indicted in the district court for Ramsey county, for keeping a house of ill-fame, resorted to for purposes of prostitution, in the city of Saint Paul. A demurrer to the indictment was overruled; and thereupon the defendant interposed the following pleas:

"The defendant pleads that she is not guilty of the offense charged in the indictment.

And for a second and further plea, the defendant pleads and says: That under and pursuant to the Act of the Legislature of the State of Minnesota, entitled 'An Act to reduce the Law incorporating the City of St. Paul, in the County of Ramsey, and State of Minnesota, and the several Acts amendatory thereof, into one Act, and to amend the same,' approved March 6th, 1868, and in accordance with the authority in and by said act granted to and vested in it, the common council of the said city of St. Paul, did on the 7th day of October, 1869, duly pass, adopt and publish a certain ordinance to suppress houses of ill-fame in said city, and to provide for the arrest and punishment of the keepers thereof, and did in and by said ordinance provide for the arrest and trial before and conviction and sentence by the city justice of said city of St. Paul, and which said ordinance provides for and regulates the proceedings for

the arrest, trial and conviction and punishment of all persons who shall keep houses of ill-fame, or places resorted to for the purpose of prostitution within the limits of said city, which is the same offense charged in said indictment.

And for a third plea, the defendant pleads and says: That she has already been convicted of the offense charged in the indictment by the judgment of the court of the City Justice of the City of St. Paul."

The state demurred to the second and third pleas; and the demurrer was sustained. A motion was then made on the part of the defendant to quash the indictment " on the ground that the district court had no original jurisdiction of the matter, and that the city justice of the city of Saint Paul had exclusive original jurisdiction thereof." The motion was denied and the question of law involved therein, being in the opinion of the court, so important and doubtful as to require the decision of the supreme court, the case was certified under the statute.

MASTERSON & SIMONS for Defendant.

F. R. E. CORNELL, Attorney General.

*By the Court*—RIPLEY, CH. J.—The district court was right in overruling defendant's motion to quash the indictment for the alleged reason, that the city justice of St. Paul had exclusive original jurisdiction of the offense charged therein.

The offense charged is against *Gen. Stat. ch.* 100, *sec.* 9. The city justice is a justice of the peace. *City Ch., ch.* 2, *sec.* 2. The legislature could not, therefore, confer jurisdiction on him over offenses against said statute. *Const. art.* 6, *sec.* 8.

State of Minnesota v. Charles.

The further point is made, that by the act to reduce the law incorporating the city of St. Paul, and the several acts amendatory thereof into one act, approved March 6, 1868, the jurisdiction over the offense of keeping a house of ill-fame within the city limits is transferred to and exclusively vested in the said corporation, and that said city by its ordinance on the subject has assumed and exercises exclusive jurisdiction within its limits over said offense, and its prosecution and punishment; that is to say, that the statute is not in force within the city limits, having been superseded by the ordinance.

If this be so, it must be because this effect is given to the ordinance by the act in question, and the act of March 8th, 1870, (*Special Laws of* 1870, *ch.* 20 *sec.* 5,) either in terms, or by necessary implication. It is not given in terms, nor, in our opinion, is it necessarily implied.

The act of March 6th, 1868, authorizes the city council by ordinance to suppress houses of ill-fame, and provide for the arrest and punishment of the keepers thereof, the punishment for a breach of any such ordinance to extend to a fine not exceeding $100, and imprisonment in the city prison or county jail not exceeding 30 days, or both. *Ch.* 4, *sec.* 1, *sub.* 3, 35.

As by the statute, this offense is punishable by imprisonment in the state prison not more than one year, nor less than six months, if the defendant is right, keeping a house of ill-fame is not a felony in the city of St. Paul, though it is in the state at large. *Gen. Stat. ch.* 91, *sec.* 1.

We do not think that this was the intention of the legislature. Ordinances are not to be repugnant to or inconsistent with the laws of the state. *City Ch. ch.* 4, *sec.* 3; *ch.* 11, *sec.* 18. This recognizes the statute as not only in force, and to remain so, but to remain so as the supreme authority,

since it is to nullify any ordinance which may conflict in any manner with its provisions.

With respect to the powers above referred to, and the other like powers, vested by said act in said city, and which may be generally described in the language of the act, as an authority; for the government and good order of the city, for the suppression of vice and intemperance, and the prevention of crime; to make such ordinances as they shall deem expedient, which shall have the force of law, so far as they are not repugnant to or inconsistent with the constitution and laws, the legislature has thereby created within the city limits to some extent, another jurisdiction than that arising under the statute.

Each has its own laws, and its own tribunals for the punishment of offenses against these laws, and neither tribunal can take cognizance of offenses against the laws of the other power, any more than a state court can punish offenses against the laws of the United States, and *vice versa.*

The same act may be contrary to the state law, and also at the same time contrary to the ordinance, as in the case at bar. In such case, the offender would be as liable to be punished for the infraction of either, by the court of either, as, in the case put by Mr. Justice Grier of an assault upon a United States marshal; a high offense against the United States law, for which the perpetrator is liable to punishment, and also a breach of the peace of the state, subjecting the same person to punishment under the state laws. *Moore vs. Illinois,* 14 *How. U. S.* 13.

The defendant further insists, that by the demurrer interposed by the state to her second and third pleas in bar, it is admitted that under the ordinance in the second plea mentioned, the defendant has been already convicted of the

same specific act of crime, committed at the same time and place as that charged in the indictment; in other words, that these amount to a good plea of *autre fois convict.*

If so, the question arises, both statute and ordinance being in force, may a person be convicted first under one, and then under the other, for the same criminal act.

The identical question has arisen and been decided, in Indiana, in the affirmative, (6 *Indiana,* 351, 12 *Ibid,* 569); in Missouri, in the negative. 29 *Mo.* 330; 37 *Ibid,* 360 Mr. Bishop in his *Criminal Law 4th ed. vol.* 1. *sec.* 897 *a,* in stating the doctrine as held by each court, expresses no opinion of his own.

We are not disposed to give any opinion on a point of so much interest, where courts equally respectable have arrived, from the same premises, at conclusions so different, until the question is properly before us. It is not, in this case, for two reasons.

1. It is not raised by a sufficient plea.

There is no connection between the second and third pleas showing that the conviction mentioned in the latter, is under the ordinance referred to in the former, and the third plea does not even come up to the very liberal form of pleading allowed by our statute. *Gen. Stat. ch.* 112 *sec.* 3.

At common law, it would have been rejected on motion, (*Wharton Amer. Crim. Law, p.* 144; *Wortland vs. Com.,* 5 *Randolph,* 669,) as wanting those essential requisites of showing that the defendant was convicted on a good complaint, in a court having jurisdiction, and the identity of the person and fact charged. *Wharton p.* 144; *Com. vs. Goddard,* 13 *Mass.* 447.

2. No such question is involved in the motion to quash the indictment, upon which the case is certified to this court.

If, indeed, the Attorney General had seen fit to argue the point, we might have decided it   This, however, he has not done.

The decision of this court is, as already stated, that the motion to quash was properly overruled.