STATE OF MINNESOTA *vs.* MARTIN LUDWIG.

Jan. 11, 1875.

**City Ordinance Imposing Additional Penalty for act already Punishable by Law.—** An ordinance of a city, passed pursuant to a power conferred upon it by its charter, requiring that every saloon and restaurant, and the bar of every tavern, inn or other place where liquors are sold by the glass or drink, shall be closed during every Sunday, and upon every day of a general or city election; providing that no person holding a license under the provisions of the ordinance shall sell for money, or in any manner dispose of, any spirituous or fermented liquors or malt beverages, within the limits of such city, on any Sunday or day of a general or city election, and providing that any person guilty of violating any of the provisions of the ordinance, shall, upon conviction thereof, be punished by fine not exceeding twenty-five dollars and the costs of the prosecution, and may be imprisoned until such fine be paid, not exceeding, however, thirty days, etc., is not in conflict with § 16, Art. 1, of the constitution of this state, nor repugnant to § 19, ch. 100, Gen. Stat. The legislature may authorize a municipal government to impose new and additional penalties for acts already penal by the laws of the state.

Appeal by defendant from an order of the district court for Hennepin county, *Vanderburgh,* J. presiding, denying a motion to dismiss the complaint.

*L. Gronlund,* for appellant.

*A. N. Merrick,* for respondent.

McMILLAN, C. J.   A complaint was duly made, before a justice of the peace of the city of Minneapolis, against the defendant Ludwig, charging that on Sunday, April 27, 1873, at the city of Minneapolis in Hennepin county, the defendant Ludwig, holding a license under the provisions of

ordinance No. 1 of the city of Minneapolis, approved April 29, 1872, then and there being, did wilfully, unlawfully and wrongfully sell to one Cornell two glasses of malt liquor, commonly called beer, contrary to the ordinance in such case made and provided, and against the peace and dignity of the State of Minnesota. Upon the trial before the justice, the defendant was convicted and adjudged to pay a fine of fifteen dollars and costs of suit. The defendant appealed from the judgment of the justice, upon questions of both law and fact, to the district court. The case having been regularly called for trial in the district court, the defendant moved to dismiss the complaint and action, on the ground that the complaint does not state facts constituting any offence. By consent, the charter of the city of Minneapolis, and the ordinance of said city, approved April 29, 1872, in relation to licenses, were offered and used on said motion, and referred to in connection with the general laws. The court denied the motion, and the defendant appealed from such order.

The ordinance of the city which is relied upon as sustaining the proceedings against the defendant, among other provisions contains the following : " Section 6. Every saloon and restaurant, and the bar of every tavern, inn or other place where liquors are sold by the glass or drink, shall be closed during every Sunday, and upon every day of a general or city election ; and no person holding a license under the provisions of this ordinance, shall sell, give away, or in any manner dispose of any spirituous or fermented liquors or malt beverages, within the limits of said city, on any Sunday or day of a general or city election ; nor shall any such licensed person permit any gambling or games of chance, for money or anything of value, to be practised or carried on, at any time, in any room or place in any building wherein any kind of liquor is retailed by him, and which may be occupied or rented by such licensed dealer, or under his control. Any person who shall be guilty of violating any of the provisions of this section, shall, upon conviction

thereof, be punished by a fine not exceeding twenty-five dollars and the costs of prosecution, and may be imprisoned until such fine is paid, not exceeding, however, thirty days; and the license of such person, if he shall have one, may, in the discretion of the justice, be adjudged to be forfeited, and a judgment to that effect shall wholly avoid and invalidate such license."

The only question presented for our consideration in the case, and the only one to which we shall direct our attention, is the validity of that portion of the city ordinance above mentioned which authorizes the proceedings against the defendant which we are called upon to review. The defendant claims that, as to such provisions, the ordinance is, 1. "unconstitutional, because in conflict with § 16, art. 1 of the constitution; 2. void, because the common council of the city of Minneapolis have no power, under the charter, to legislate at all on Sunday observance; 3. void, because its provisions are repugnant to the state Sunday law."

By the charter of the city of Minneapolis, the city council "have full power and authority to make, enact, ordain, establish, publish, enforce, alter, modify, amend and repeal all such ordinances, rules and by-laws for the government and good order of the city, for the suppression of vice and intemperance, and for the prevention of crime, as they shall deem expedient; * * * to declare and impose penalties and punishments, and enforce the same against any person or persons who may violate any of the provisions of any ordinance, rule or by-law passed and ordained by them; and all such ordinances, rules and by-laws are hereby declared to be and have the force of laws, provided that they be not repugnant to the laws of the United States or of this state; and for these purposes, shall have the authority, by ordinances, resolutions or by-laws, *first*, * * to grant licenses and regulate * * all persons vending or dealing in spirituous, vinous or fermented liquors; * * *second*, * * to restrain any person from vending, giving or dealing in spirituous, fermented or vinous liquors, unless

duly licensed by the city council." City Charter of Minneapolis, ch. 4, § 3; Sp. Laws, 1872, pp. 69, 70.

To license and regulate the sale of intoxicating liquors as a beverage is an exercise of the ordinary police power of the state. *License Cases*, 5 How. 504. Under the provision of the charter of Minneapolis, this power is expressly conferred upon the city council, under the power to license and regulate "all persons vending or dealing in spirituous, vinous or fermented liquors." The power of regulation extends not only to the acts of the person licensed, but to the times and places when and where such sales are made. *City of St. Paul* v. *Troyer*, 3 Minn. 291. The regulation, however, must not conflict with the constitution of the United States, or of this state. Section 16, article 1, of the constitution of this state, so far as it is claimed to affect this question, is as follows: "The right of every man to worship God, according to the dictates of his own conscience, shall never be infringed; nor shall any man be compelled to attend, erect or support any place of worship, or to maintain any religious or ecclesiastical ministry, against his consent; nor shall any control of, or interference with, the rights of conscience be permitted, or any preference be given by law to any religious establishment or mode of worship; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of the state." * *

It is unnecessary for us, at this time, to consider to what extent the legislature may, in harmony with the constitution, make laws recognizing the Christian Sabbath, and regulating its observance. All the authorities concur that the legislature may by law establish, as a civil and political institution, the first day of the week as a day of rest, and may prohibit, upon it, the performance of any manner of labor, business or work, except only works of necessity and charity, and may prohibit anything which tends to injure the public morals, or disturb the peace and good order of the

day. *Brimhall* v. *Van Campen*, 8 Minn. 13; *Lindenmuller* v. *People*, 33 Barb. 548; *Specht* v. *Commonwealth*, 8 Penn. St. 312; *Megowan* v. *Commonwealth*, 2 Met. (Ky.) 3; *City Council* v. *Benjamin*, 2 Strobhart, (So. Car.) 508; *Ex parte Andrews*, 18 Cal. 679, overruling *Ex parte Newman*, 9 Cal. 502; *State* v. *Ambs*, 20 Mo. 214; *Shover* v. *State*, 5 Eng. 259; *Voglesong* v. *State*, 9 Ind. 112; 1 Dillon, Mun. Corp. § 330, n. 2, and auth. cited; Cooley's Const. Lim. 476-7, 596.

The authority to prohibit the performance of any manner of labor, business or work, upon Sunday, embraces the power to prohibit a licensed person from keeping open his saloon, and selling intoxicating liquors, upon that day. The authority to prohibit the sale of intoxicating liquors upon Sunday, or any other day, is also found in the general police power of the state. As the legislature possesses this power under the constitution, it could properly delegate to the corporate authorities of Minneapolis the exercise of the power, within the corporate limits. The ordinance is therefore constitutional.

The appellant further contends that the ordinance is void, because repugnant to the state law which enacts that " no person shall keep open his shop, warehouse or workhouse, or shall do any manner of labor, business or work, except only works of necessity and charity; * * on the Lord's day, commonly called Sunday; and every person so offending shall be punished by a fine not exceeding two dollars for each offence. Gen. Stat., ch. 100, § 19. The ordinance in question requires that every saloon or other place where liquors are sold by the glass or drink, shall be closed during every Sunday, and prohibits any person, holding a license under the ordinance, from selling, giving away, or in any way disposing of any spirituous or fermented liquors, or malt beverages, within the limits of the city, on any Sunday, and prescribes therefor a penalty of twenty-five dollars, and imprisonment not exceeding thirty days.

The charter, it will be seen, confers upon the city, expressly, the power to restrain any one from selling, giving

KEFFE *v.* MILWAUKEE & ST. PAUL RAILWAY CO. 207

away, or disposing of intoxicating drinks, without a license from the city, and to grant licenses and regulate all persons vending or dealing in such liquors; to pass such ordinances, and impose such penalties as may be deemed expedient by the city council. The only limitation is, "Provided that they be not repugnant to the laws of the United States or of this state." There is no state law authorizing the acts made penal by this ordinance; on the contrary, the state law makes them unlawful. The principle established by the weight of authority, and we think in accordance with sound reason, is that the legislature of the state may authorize a municipal government to impose new and additional penalties for acts already penal by the laws of the state. *State* v. *Charles,* 16 Minn. 474; *Brooklyn* v. *Toynbee,* 31 Barb. 282; 1 Dillon, Mun. Corp. § 302, and authorities cited in note 1; Cooley's Const. Lim. p. 199, and notes 1 and 2. The ordinance in question is not, therefore, in conflict with the statute of the state. This disposes of all the questions presented for our consideration.

The order appealed from is affirmed.