STATE v. PAUL J. PETIT.

December 2, 1898.

Nos. 11,314—(14).

**Sunday Law.**

The state may, as a police regulation for the promotion of the physical, mental and moral welfare of its citizens, establish, as a civil and political institution, the first day of the week as a day of rest, and prohibit the performance upon it of all labor or business except works of necessity or charity.

**G. S. 1894, § 6513—Barber Shop—Class Legislation.**

G. S. 1894, § 6513, is not obnoxious to the objection of being "class legislation" because it declares that, as a matter of law, keeping open a barber shop on Sunday, for the purpose of hair cutting and shaving, is not a work of necessity or charity, while, as to other kinds of labor or business, it leaves that question to be determined as one of fact.

Defendant was arrested and tried in the municipal court of Minneapolis for keeping open a barber shop on Sunday. He objected to the introduction of testimony under the complaint on the ground that it did not charge a crime under the laws of the state of Minnesota, and that the law upon which the charge was made contravenes the state and federal constitutions. He was convicted and fined ten dollars. From an order, W. A. Kerr, J., denying a new trial, defendant appealed. Affirmed.

*Benton & Molyneaux*, for appellant.

Any legislation which is not general in its scope and which affects only one class, or body, of citizens is in conflict with the spirit of this government, the constitution of the United States and the

constitution of the state of Minnesota. Johnson v. St. Paul & D. R. Co., 43 Minn. 222; Nichols v. Walter, 37 Minn. 264; Lavallee v. St. Paul, M. & M. Ry. Co., 40 Minn. 249; Eden v. People, 161 Ill. 296; Calder v. Bull, 3 Dall. 386; Const. Amend. 14, § 1; Const. art. 1, § 7; Low v. Rees, 41 Neb. 127; Ex parte Westerfield, 55 Cal. 550; Butchers v. Crescent, 111 U. S. 746; People v. Gillson, 109 N. Y. 389; State v. Loomis, 115 Mo. 307; Cooley, Const. Lim. 393; Godcharles v. Wigeman, 113 Pa. St. 431.

Where the ostensible object of an enactment is to secure the public comfort, welfare or safety, it must appear to be adapted to that end; it cannot invade the rights of person and property under the guise of a police regulation when it is not such in fact. See Eden v. People, supra; Ritchie v. People, 155 Ill. 98; Ex parte Jentzsch, 112 Cal. 468; In re Jacobs, 98 N. Y. 99.

G. S. 1894, § 6513, is unconstitutional. See Eden v. People, supra; People v. Havnor, 149 N. Y. 195 (dissenting opinions); Toledo v. City, 67 Ill. 37; Ex parte Jentzsch, supra; City v. Krech, 15 Wash. 296; State v. Granneman, 132 Mo. 326; Const. Amend. 14, § 1; Const. art. 1, § 7.

*H. W. Childs,* Attorney General, and *George B. Edgerton,* for respondent.

A similar statute to the one here involved has been sustained by the court of appeals of New York. People v. Havnor, 149 N. Y. 195. See also Village v. Frederick, 122 N. Y. 268; Barbier v. Connolly, 113 U. S. 27; People v. Bellet, 99 Mich. 151; Lindenmuller v. People, 33 Barb. 548; Neuendorff v. Duryea, 69 N. Y. 557; People v. Moses, 140 N. Y. 214; Com. v. Waldman, 140 Pa. St. 89; Ungericht v. State, 119 Ind. 379; State v. Frederick, 45 Ark. 347. See also Handy v. St. Paul Globe Pub. Co., 41 Minn. 188; State v. Ludwig, 21 Minn. 202; State v. Wellott, 54 Mo. App. 310.

*Frank Healy* and *H. D. Dickinson,* for respondent.

Const. Amend. 14, § 1, does not relate to legislation which, in carrying out a public purpose, is limited in its operation. G. S. 1894, § 6513, is within the police power and uniform as to the designated class. Powell v. Pennsylvania, 127 U. S. 679; Cotting v.

Kansas City Stock Yards Co., 79 Fed. 679; Barbier v. Connolly, 113 U. S. 27; Soon Hing v. Crowley, 113 U. S. 703. It brings within its influence all who are under the same conditions, and the discretion of the legislature will not be interfered with by the courts. Johnson v. St. Paul & D. R. Co., 43 Minn. 222; State v. Sheriff of Ramsey Co., 48 Minn. 236; State v. Chapel, 64 Minn. 130; Lommen v. Minneapolis Gas L. Co., 65 Minn. 196.

The public peace, morals, health, education, good order, safety and welfare are all proper subjects of police power, and include the power to appoint one day in seven as a day of rest. Hayes v. Missouri, 120 U. S. 68; State v. Ludwig, 21 Minn. 202.

The act in question is based on sanitary grounds. People v. Havnor, 149 N. Y. 195; People v. Bellet, 99 Mich. 151; Liberman v. State, 26 Neb. 464; Ex parte Sundstrom, 25 Tex. App. 133. Keeping open a barber shop is not, as a matter of law, a work of necessity or charity. Com. v. Matthews, 152 Pa. St. 166; Com. v. Waldman, 140 Pa. St. 89; State v. Wellott, 54 Mo. App. 310; State v. Frederick, 45 Ark. 347; Com. v. Dextra, 143 Mass. 28; State v. Granneman, 132 Mo. 326; Ungericht v. State, 119 Ind. 379; Troewert v. Decker, 51 Wis. 46.

MITCHELL, J.

The defendant was tried and convicted of keeping open a barber shop on Sunday for the purpose of cutting hair and shaving beards, contrary to the provisions of G. S. 1894, § 6513, which reads as follows:

"All labor on Sunday is prohibited, excepting the works of necessity or charity. In works of necessity or charity is included whatever is needful during the day for good order, health or comfort of the community; provided, however, that keeping open a barber shop on Sunday for the purpose of cutting hair and shaving beards shall not be deemed a work of necessity or charity."

The only question is as to the constitutionality of this act, which is assailed by the defendant on two grounds: (1) That the whole act is invalid, it not being within the police power of the state to prohibit any kind of labor or business on Sunday which does not interfere with the peace and good order of the community; (2)

and mainly that, in view of the proviso, the act is invalid, as being "class legislation."

1. We shall not spend much time on the first point. It has been decided in this state, in accordance with an almost unbroken line of authorities elsewhere, that the legislature may, in the exercise of the police power of the state, establish by law, as a civil and political institution, the first day of the week as a day of rest, and may prohibit upon it the performance of any manner of labor, business or work except only works of necessity or charity. State v. Ludwig, 21 Minn. 202.

So-called Sunday legislation has, with many persons, and occasionally even with courts, been the subject of adverse criticism, as an unwarranted interference with that freedom of religious belief and practice which is guarantied to every man by the constitution. These criticisms proceed upon an entirely erroneous theory as to the object of such legislation.

In some states it has been held that Christianity is part of the common law of this country, and Sunday legislation is upheld, in whole or in part, upon that ground. Even if permissible, it is not necessary to resort to any such reason to sustain such legislation. The ground upon which such legislation is generally upheld is that it is a sanitary measure, and as such a legitimate exercise of the police power. It proceeds upon the theory, entertained by most of those who have investigated the subject, that the physical, intellectual and moral welfare of mankind requires a periodical day of rest from labor, and, as some particular day must be fixed, the one most naturally selected is that which is regarded as sacred by the greatest number of citizens, and which by custom is generally devoted to religious worship, or rest and recreation, as this causes the least interference with business or existing customs.

It is sometimes said that mankind will seek cessation of labor at proper times by the natural influences of the law of self-preservation; also that, if a man desires to engage on Sunday in any kind of work or business which does not interfere with the rights of others, he has an absolute right to do so, and to choose his own time of rest, as he sees fit. The answer to this is that all men are not in fact independent and at liberty to work when they choose.

Labor is in a great degree dependent upon capital, and, unless the exercise of power which capital affords is restrained, those who are obliged to labor will not possess the freedom for rest which they would otherwise exercise.

The object of the law is not so much to protect those who can rest at pleasure as to afford rest to those who need it, and who, from the conditions of society, could not otherwise obtain it. Moreover, if the law was not obligatory upon all, and those who desired to do so were permitted to engage in their usual vocation on Sunday, others engaged in the same kind of labor or business might, against their wishes, be compelled, by the laws of competition in business, to do likewise. See dissenting opinion of Justice Field in Ex parte Newman, 9 Cal. 502, afterwards adopted as the views of the court in Ex parte Andrews, 18 Cal. 679.

2. The enacting clause of the statute under which defendant was convicted was passed in 1885, being section 225 of the Penal Code. The proviso was added in 1887. Laws 1887, c. 54.

If keeping a barber shop open on Sunday for the purposes of shaving and hair cutting was not a work of necessity or charity, within the meaning of the original statute, the amendment has not changed the law, and the statute, as it now stands, is not open to the objection of being class legislation. Under the original statute, what were works of necessity or charity was largely left to be decided as a question of fact, which would often be a question for the jury. The effect of the amendment was to make this a question of law, instead of fact, as to keeping a barber shop open.

In the exercise of the police power in establishing a day of rest, a very large discretion must be allowed to the legislature in determining what kinds of labor or business should be prohibited, and what are and what are not works of necessity or charity; and unless their classification is manifestly purely arbitrary, and not founded upon any substantial distinction or apparent natural reason which suggests the necessity or propriety of different legislation, the courts have no right to interfere with the exercise of legislative discretion.

Courts will take judicial notice of the fact that, in view of the custom to keep barber shops open in the evening as well as in the

day, the employees in them work more, and during later, hours than those engaged in most other occupations, and that this is especially true on Saturday afternoons and evenings; also that, owing to the habit of so many men to postpone getting shaved until Sunday if such shops were to be permitted to be kept open on Sunday, the employees would ordinarily be deprived of rest during half of that day.

In view of all these facts, we cannot say that the legislature has exceeded the limits of its legislative police power in declaring that, as a matter of law, keeping barber shops open on Sunday is not a work of necessity or charity, while as to all other kinds of labor they have left that question to be determined as one of fact.

It will be noted that what the law forbids is, not a man's shaving himself, or even getting some one else to shave him, but the keeping open a barber shop for that purpose on Sunday. The object of the law was not to interfere with those who wish to be shaved on Sunday, or primarily to protect the proprietors of barber shops, but mainly to protect the employees in them, by insuring them a day of rest. We are of opinion that the whole act, including the proviso, is valid.

Judgment affirmed.

BUCK, J.
    I dissent.