STATE ex rel. P. G. HOFFMAN v. PHILIP C. JUSTUS.[1]

February 5, 1904.

Nos. 13,785—(218).

**Sunday Law.**

 Chapter 362, p. 652, Laws 1903, which prohibits the keeping open of butcher shops for the sale of meats and other business places on any portion of Sunday, while it authorizes confectionery and tobacco to be sold in an orderly manner on that day, *held* not to be such an unreasonable discrimination between these several occupations as to invalidate the law for violation of sections 33, 34, art. 4, of the Constitution of this state, prohibiting special or class legislation.

Writ of habeas corpus issued from the district court for Ramsey county upon relation of P. G. Hoffman, who was arrested and detained by defendant, as sheriff of said county, on the charge of publicly offering for sale and selling groceries on Sunday, in violation of chapter 362, Laws 1903. Upon the hearing before Jaggard, J., the writ was discharged, whereupon relator appealed to the supreme court. Writ discharged.

*Lawler & Arnold,* for appellant.

*W. B. Douglas,* Attorney General, and *T. R. Kane,* County Attorney, for respondent.

LOVELY, J.

Habeas corpus proceedings to determine the legality of petitioner's imprisonment upon a complaint under chapter 362, p. 652, Laws 1903, which prohibits the sale of articles of merchandise on any portion of the Sabbath day. Under a proper complaint petitioner was convicted

---

[1] Reported in 98 N. W. 325.

of the offense charged, and is held upon a warrant issued thereon. The objection to petitioner's detention rests upon the ground that this statute is invalid, as contravening the provisions of sections 33, 34, art. 4, of the State Constitution, prohibiting partial or class legislation. The act under which petitioner was convicted reads as follows:

"All manner of public selling or offering for sale of any property upon Sunday is prohibited, except that meals may be sold to be eaten on the premises where sold or served elsewhere by caterers; and prepared tobacco in places other than where spirituous or malt liquor or wines are kept or offered for sale, and fruits, confectionery, newspapers, drugs, medicines and surgical appliances may be sold in a quiet and orderly manner: provided, however, that nothing in this section shall be construed to allow or permit the public sale or exposing for sale of uncooked meats, fresh or salt, or groceries, dry goods, clothing, wearing apparel of any kind, or boots or shoes."

While it is necessarily conceded that, as a police regulation, the law prohibiting work on the Sabbath is within the scope of legislative power and authority, it is insisted for petitioner that this statute involves and authorizes a discrimination for a favored class, which is so unreasonable as to convict the Legislature of gross partiality in its adoption; that its provisions prohibit the sale of meats on the morning hours of Sunday, which had been previously permitted under section 6517, G. S. 1894 (Pen. Code, § 223), which is regarded as especially obnoxious to the retail city butchers, who are particularly interested in these proceedings, since the provision in the act abrogates the privilege previously conferred, but retains the right of dealers to sell fruit, confectionery, newspapers, drugs, medicines, and surgical instruments in a quiet and orderly manner.

It is insisted that there is no intelligent or apparent reason for these distinctions in the classes referred to. The right to dispose of drugs, medicines, and surgical appliances is so clearly a necessity in favor of health and life that it is not suggested that by this exception the vendors of these articles are improperly favored in the act, or that newspapers may not be properly sold, but that there is no reason why cigars, candy, and tobacco in packages can be sold on Sunday, while uncooked

meats, which are as much of a necessity, are restrained and forbidden.

The consideration of this subject is not entirely new. Section 6513, regulating labor on Sunday, was passed upon by this court when we have held that keeping open a barber shop on Sunday was not a work of necessity, and that a statute prohibiting the same was not unreasonable discrimination. In the case referred to it was claimed that the act was invalid, as being class legislation, and we held that in the exercise of the police power in establishing a day of rest a very large discretion must be allowed to the Legislature in determining what kind of labor or business should be prohibited, and what are and what are not works of necessity or charity; and, unless the classification is manifestly arbitrary, and not founded upon any substantial distinction or apparent natural reason which suggests the necessity or propriety of different legislation, the courts have no right to interfere with the exercise of legislative discretion. Courts, it was there said, would take judicial notice of the fact that, in view of the custom to keep barber shops open in the evening as well as in the day, the employees in them work more, and during later hours, than those engaged in most other occupations, and that this is especially true on Saturday afternoons and evenings; also that, owing to the habit of so many men to postpone getting shaved until Sunday if such shops were to be permitted to be kept open on Sunday, the employees would ordinarily be deprived of rest during half of that day. State v. Petit, 74 Minn. 376, 77 N. W. 225. The purpose of the Sunday law in this opinion was held to be not to enforce religious observances, but in the exercise of legislative judgment to protect those who were engaged in servile labor from imposition by the public or employer upon their enjoyment of rest and recuperation, in furtherance of what has been well expressed in the sentiment of a modern aphorism that "He who ordained the Sabbath loves the poor."

Very many of the population of our cities would not have the day of rest which the Sunday laws afford were it not for these provisions which have made this manifestly just and humane purpose the subject of legislative cognizance and protection, and if it can be found from a consideration of the way in which the people of our cities live and enjoy the repose and relief from labor every Sabbath day accorded by the Sunday law, and that there is to any sensible extent or degree a

91 M.—29

distinction in securing the proposed purposes of the law between the keeping open of butcher shops, grocery stores, and the sale of uncooked meats or family supplies that does not apply to the sale of confectionery and tobacco, the wisdom of the selection designated in the law is with the Legislature, and not the courts.

It may be said here quite as pertinently as in State v. Petit, supra, that the object is to give essential and useful benefits to employees from compulsory servile labor on Sunday, and it is not to be disputed that a custom which existed of making purchases of meats and the prohibited merchandise on Sunday required the employment during portions of that day of a large number of clerks and laborers who are engaged in and about these establishments when they serve the public, and that the purchase of meats and groceries therein can without extreme disadvantage be made on the previous day. This may impose some extra burden upon the patrons of such establishments as well as the proprietors, but it will, as it seems to us obvious, relieve the persons to be protected to a much greater extent than in the sale of confectionery and tobacco, and give the desired benefits more generally than in the occupation permitted by the statute. Whether the discrimination be justified by wise legislative policy, we are not required to determine. That is the province of the lawmaking power, not ours. It is our duty to ascertain, if possible, whether, from our knowledge of existing conditions, there is such a sensible distinction between these occupations as would furnish a basis of judgment in making the same. It is undoubtedly the custom of a large number of our people in the cities to visit public parks, which have been to a considerable extent provided by the liberality and civic spirit of our municipalities for the enjoyment of the occasion. The statute clearly prohibits the sale of intoxicating drinks in any form on Sunday, and only allows confectionery to be sold, which is on many occasions required by parents for the children and the more youthful class of visitors thereto. Tobacco has come to be among a very large portion of the respectable people of this country a necessity in the appreciation of appropriate Sunday rest and recreation, which cannot, in a practical way, be provided for beforehand in the suitable enjoyment of the period of recuperation which makes the day of rest beneficial.

In view of these differences, as well as the number of those engaged

in these occupations and the nature and character of the business, it seems apparent that a distinction exists between the occupations distinguished in the statute so far at least as to make the classification therein reasonably obvious in the judgment of the court, and we cannot say that an unusual favoritism is so clear that we must convict the Legislature of the violation of the constitutional provisions invoked for the petitioner.

The writ is discharged.