### STATE v. M. A. WEISS.[1]

January 12, 1906.

Nos. 14,653—(222).

**Sunday Law.**

Chapter 362, p. 652, Laws 1903, prohibiting the public traffic in certain articles of merchandise on Sunday, is constitutional. State v. Justus, 91 Minn. 447, followed.

**Application to Hebrews.**

That the defendant was of the Hebrew race and of the Jewish Church, regularly attended such church as his place of worship on Saturdays or the seventh day of each week, and believed in the doctrines of that church, among other things, that Saturday, or the seventh day of every week, is the Sabbath or Lord's Day, to be observed and kept by him as a day of worship, does not in any manner affect the constitutionality of chapter 362, p. 652, Laws 1903.

**Police Power.**

The Sunday law is justified as a sanitary measure and as a legitimate exercise of police power.

[1] Reported in 105 N. W. 1127.

**Defense.**

Section 6514, G. S. 1894, which provides that "it is a sufficient defense to a prosecution for servile labor on the first day of the week that the defendant uniformly keeps another day of the week as holy time and does not labor upon that day," has no application to a proprietor publicly selling groceries on Sunday.

Appeal by defendant from a judgment of the municipal court of Minneapolis, Waite, J., whereby he was convicted of the offense of selling groceries on Sunday, in violation of chapter 362, Laws 1903. Affirmed.

*Frank P. Nantz,* for appellant.

*Frank Healy* and *A. C. Finney,* for the state.

JAGGARD, J.

At the time of arraignment in the municipal court of Minneapolis, upon a complaint charging him with violation of the Sunday law, the defendant and appellant entered a plea of not guilty. Thereupon the parties entered into the following stipulation:

That said defendant did on Sunday, the 24th day of September, 1905, publicly sell, at said city of Minneapolis in said county and state, a quantity of groceries, to wit, one package of grape nuts breakfast food to one O. M. Wassing, and one bottle of catsup to one George Clark; that said sales were made at the grocery store of which said defendant was proprietor, and which was then kept open to the public for public selling.

The following facts were also stipulated, subject, however, to the objection on the part of the plaintiff that the same were incompetent, irrelevant, and immaterial, and do not constitute a defense:

That the defendant is a Hebrew by race, but a citizen of the United States and the state of Minnesota, and resides and has resided therein for several years last past, and has been engaged and is now engaged in the grocery business therein; that he is a man of over fifty years of age, and during his whole lifetime has been, and now is, a member of the Jewish church, regularly attending such church as his place of worship on Saturdays, or

the seventh day of each week, and in good faith has believed and still believes in the doctrines of said church, consisting, among other things, that Saturday, or the seventh day of every week, is. the Sabbath or Lord's Day, to be observed and kept by him as a day of worship, and that it is not right to do any business or labor on such day; that during all the time he has been engaged in said business said defendant has conscientiously observed,. and now so observes, in good faith, said seventh day of the week as the Sabbath or Lord's Day, and uniformly kept, and now keeps, the same as a day of worship and holy time, and has never transacted any business nor performed any labor nor does he now transact any business or perform any labor on said day; that according to the doctrines of said Jewish church, conscientiously believed in and practiced by this defendant, no other day than said seventh day of the week has been, or is, the Sabbath or the Lord's Day, and that the first day of the week, commonly called Sunday in the state of Minnesota, is not the Sabbath or Lord's Day, and that it is not wrong for defendant to perform labor or do business on such day; and that this defendant, so believing, conscientiously and in good faith, made the sales of the groceries hereinbefore specified and set out in the complaint herein, believing that the same was not wrong, nor in violation of law, but that it was right for him so to do; that such sales were made in a quiet and orderly manner, so as not to interrupt nor disturb other persons in observing the first day of the week, on which said sales were made, as holy time.

Upon this stipulation of facts defendant was adjudged guilty and ordered to pay a fine of three dollars, and in default thereof to be imprisoned in the workhouse of the city of Minneapolis until said fine was paid, not exceeding the term of three days. Thereupon the case was removed to this court, upon a settled case, allowed as a bill of exceptions.

The complaint was drawn under section 1, c. 362, p. 652, of the Laws of 1903, and charged the defendant with a violation of said section, in this: That he did, on the Sunday named, publicly sell a quantity of groceries to the complainant. The argument of the defendant as to

the construction of the act is this: The supreme court of this state has decided that section 6517, G. S. 1894, did not prohibit the doing of business on Sunday which did not seriously interfere with religious observances of that day by the public. Ward v. Ward, 75 Minn. 269, 77 N. W. 965; Holden v. O'Brien, 86 Minn. 297, 90 N. W. 531. Section 6510, G. S. 1894, is still in force, and hence the proviso in the law of 1903 must be construed in harmony with this section as thus interpreted. That proviso reads as follows:

> Provided, however, that nothing in this section shall be construed to allow or permit the public sale, or exposing for sale, of uncooked meats, fresh or salt, or groceries, dry goods, clothing, wearing apparel of any kind or boots or shoes.

Accordingly defendant contends that, unless the sales of groceries seriously interrupted repose of religious liberty of the community, it cannot be held to be a violation of the law. The contention is not sound. Under the terms of the act it is not material that the sale by defendant was made in a quiet and orderly manner. That conduct was clearly within the express prohibition of the statute:

> All manner of public selling * * * of any property upon Sunday is prohibited.

The statute then enumerates certain exceptions which are not here involved, and concludes with the proviso previously set forth herein. The general prohibition of public sale is simply made more specific by the proviso. That proviso excludes any possible construction of the exception which would allow the sale of groceries and other articles therein enumerated. The law accordingly contains a clear and distinct definition by the legislature of public traffic, inter alia, in groceries. This construction was practically given to it in State v. Justus, 91 Minn. 447, 98 N. W. 325, 64 L. R. A. 510, 103 Am. St. Rep. 521. The constitutionality of that act is not an open question. It was expressly determined by the case last cited.

That this defendant was of the Hebrew race and of Jewish religion is urged as an additional reason, not involved in the Justus case, for holding the law unconstitutional. In view of the constitutional provi-

sion securing religious freedom and of the natural and just abhorrence of anything approaching religious tyranny, we have considered de novo the effect of that objection upon the constitutionality of the law. We find, however, no reason for changing the previous conclusion of this court.

In State v. Petit, 74 Minn. 376, 77 N. W. 225, the Sunday law was justified, not by religious dogma, but as a sanitary measure and as a legitimate exercise of the police power. That law, Justice Mitchell says, "proceeds upon the theory, entertained by most of those who have investigated the subject, that the physical, intellectual, and moral welfare of mankind requires a periodical day of rest from labor, and, as some particular day must be fixed, the one most naturally selected is that which is regarded as sacred by the greatest number of citizens, and which by custom is generally devoted to religious worship, or rest and recreation, as this causes the least interference with business or existing customs." That case and that view of the law was sustained by the supreme court of the United States. Petit v. Minnesota, 177 U. S. 164, 20 Sup. Ct. 666, 44 L. Ed. 716. Inter alia, it quotes Ex parte Andrews, 18 Cal. 678: "The prohibition of secular business on Sunday is advocated on the ground that by it the general welfare is advanced, labor protected, and the moral and physical well-being of society promoted." According to Bell, J., in Specht v. Com., 8 Pa. St. 312, 325 (49 Am. Dec. 518), such a law "says not to the Jew or Sabbatarian, 'You shall desecrate the day you esteem as holy and keep sacred to religion.' * * * It enters upon no discussion of rival claims of the first and seventh days of the week, nor pretends to bind upon the conscience of any man any conclusion upon a subject which each must decide for himself. * * * It does not in the slightest degree infringe upon the Sabbath of any sect, or curtail their freedom of worship. It detracts not one hour from any period of time they may feel bound to devote to this object, nor does it add a moment beyond what they may choose to employ. Its sole mission is to inculcate a temporary weekly cessation from labor, but it adds not to this requirement any religious obligation."

The defendant lives under the common law as developed in the United States, by which the majority rules. He is subject to a munici-

pal code based upon the absolute converse of Cicero's favorite aphorism, expressing the spirit of the civil law: "Semper in re publica tenendum est, ne plurimum valeant plurimi." II De Republica, 22. He must accept the law of the land as it exists. The law applies by its terms to the defendant. There is nothing in section 6514 which relieves him from its operation. That section provides as follows:

> It is a sufficient defense to a prosecution for servile labor on the first day of the week, that the defendant uniformly keeps another day of the week as holy time, and does not labor upon that day, and that the labor complained of was done in such manner as not to interrupt or disturb other persons in observing the first day of the week as holy time.

The term "servile labor" is infelicitous. By no reasonable construction, however, can it be perverted into a definition which would apply to a groceryman publicly selling his wares, to be defined as a servile laborer.

The judgment of the court below is affirmed, and it is hereby directed, in accordance with the statute (G. S. 1894, § 7391), that the sentence pronounced by the court below be executed.

Judgment affirmed.