## CHARLES POWER v. AUGUST NORDSTROM AND OTHERS.[1]

November 4, 1921.

No. 22,375.

**License — motion pictures may be licensed.**

1. Though a lawful business, the exhibition of motion pictures may be licensed and regulated by the state and the political subdivisions thereof in the exercise of the police power.

**Sunday — public motion pictures may be prohibited on that day.**

2. In the exercise of the discretion delegated to village councils by sections 1268, 1269, G. S. 1913, they may ordain that' there shall be no public exhibitions of motion pictures within the village on Sundays.

**Same — regulation of business not observance of Sabbath.**

3. Such an ordinance is not aimed to secure the observance of the Sabbath day, but to regulate a business, and is not in conflict with the general law or public policy of the state.

Action in the district court for Chisago county to restrain defendant village officers from enforcing section 9 of a certain ordinance of the village of North Branch. Defendants' demurrer to the complaint was overruled and the question presented by the demurrer certified as important and doubtful, Searles, J. From the order overruling the demurrer, defendants appealed. Reversed.

*Alfred P. Stolberg,* for appellants.

*Moore, Oppenheimer & Peterson,* for respondent.

LEES, C.

The village of North Branch was incorporated under the provisions of chapter 9, R. L. 1905. It has less than one thousand inhabitants.

Section 727, R. L. 1905, now section 1268, G. S. 1913, grants power to village councils to adopt such ordinances as they deem expedient for certain enumerated purposes. Among such purposes is preventing or

[1] Reported in 184 N. W. 967.

licensing and regulating the exhibition of circuses, theatrical performances or shows of any kind. Section 1269, G. S. 1913, contains a similar grant of power coupled with a proviso authorizing village councils to refuse to grant a license "where in their opinion the public interests of the citizens of the village require it."

In October, 1920, the village council of North Branch adopted an ordinance entitled "an ordinance to regulate and license peddlers, hawkers, auctioneers, transient merchants, amusements and shows." It required one following such an occupation or engaged in such a business within the village to take out a license and pay a specified license fee. Section 9 of the ordinance reads:

"The exhibition or attempt to exhibit in said village of any moving picture show, show, circus, menagerie, vaudeville or theatrical entertainment for the amusement of the public on Sunday is prohibited and forbidden."

Plaintiff applied for and was granted a license to operate a motion picture theater and paid the required license fee. The village officers threatened to arrest and prosecute him under the ordinance if he exhibited motion pictures on Sunday, and he has accordingly desisted, thereby sustaining a financial loss. He is the owner of a modern and well equipped theater, where he exhibits motion pictures in an orderly manner to respectable audiences. The pictures are of moral character, and tickets are sold only in the vestibule of the theater without any calling out or announcement of the exhibition or of their sale.

Setting out these facts in his complaint, plaintiff brought this action to restrain the village officers from enforcing section 9 of the ordinance, on the ground that it is illegal and void. The defendants demurred on the ground that the complaint failed to state a cause of action, the demurrer was overruled, the court certifying that the question presented was doubtful, and defendants appealed from the order.

No question is or could be raised about the meaning of the word "shows" as used in the statute. Clearly enough it is sufficiently broad to include exhibitions of moving pictures. 38 Cyc. 258. It must be conceded that the motion picture business is a lawful business. Nevertheless it is a business which is subject to regulation by the state by vir-

tue of its police power and by the political subdivisions of the state to which the power has been delegated by the legislature. 2 Dillon, Mun. Corp. § 664; 38 Cyc. 255, 258; Mutual Film Corp. v. Ohio Indust. Com. 236 U. S. 230, 244, 35 Sup. Ct. 387, 59 L. ed. 552, Ann. Cas. 1916C, 296; Greenberg v. Western Turf Assn. 148 Cal. 126, 82 Pac. 684, 113 Am. St. 216; note to Zucarro v. State, L.R.A. 1918B, 361.

This court has twice declared that places of public amusement, such as theaters and motion picture houses, are proper subjects for police regulation and control. State v. Schaffer, 95 Minn. 311, 104 N. W. 139; Higgins v. La Croix, 119 Minn. 145, 137 N. W. 417, 41 L.R.A. (N.S.) 737. The reasons leading to that conclusion are convincingly stated in the latter case and need not be repeated.

Possibly the power to license and regulate shows includes the power to prohibit them. State v. Redington, 119 Minn. 402, 138 N. W. 430. But, assuming it does not, can it be said that to forbid the carrying on of the business at specified times, as on Sundays or between certain hours of the day, is beyond the power of a municipal corporation?

Under a grant of police power to license and regulate a business, the municipal authorities have power to determine where and within what limits the business may be conducted. In re Wilson, 32 Minn. 145, 19 N. W. 723. They may impose reasonable restrictions as to the time, place and manner of conducting the business. State v. Barge, 82 Minn. 256, 84 N. W. 911, 53 L.R.A. 428. They may prohibit exhibitions of motion pictures in portions of a city in which for reasons of public welfare it is undesirable to have them. State v. Redington, supra. An ordinance, enacted under a grant of power to license billiard and pool halls, may impose any reasonable conditions or terms to make the license efficacious as a police regulation. The licensee may be required to keep an orderly house, or to keep it closed on certain days and during certain hours at night. State v. Pamperin, 42 Minn. 320, 44 N. W. 251. That was a case where the ordinance required billiard and pool halls to be kept closed on Sundays and after certain hours at night. Generally speaking a city, under its authorized police power, may regulate any business the unrestrained pursuit of which might affect injuriously the public health, morals, safety or comfort. City of St. Paul

v. Kessler, 146 Minn. 124, 178 N. W. 171.  And, in respect to theatrical
exhibitions and amusements of a similar character, a larger discretion
is recognized than in the case of ordinary trades, because they are liable
to degenerate into nuisances and also because they require more police
surveillance.  City of Duluth v. Marsh, 71 Minn. 248, 73 N. W. 962.
It is our opinion that in the exercise of such discretion pursuant to the
powers granted by sections 1268, 1269, G. S. 1913, a village may ordain
that motion picture exhibitions shall not be given on Sundays, unless
such a provision in an ordinance is inconsistent with the Constitution or
general laws of the state or is unreasonable.

The legislature, in the exercise of police power, may prohibit all
manner of labor and business on Sundays, except works of necessity or
charity, and may delegate authority to municipal corporations to enact
ordinances with like prohibitions:  State v. Ludwig, 21 Minn. 202.
Sunday laws are generally sustained on the theory that there should be
one day of rest in each week to promote the moral and physical well-
being of society, and hence the enactment of such laws falls within the
scope of the police power of the state.  State v. Petit, 74 Minn. 376,
77 N. W. 225;  State v. Justus, 91 Minn. 447, 98 N. W. 325, 64 L.R.A.
510, 103 Am. St. 521, 1 Ann. Cas. 91;  State v. Weiss, 97 Minn. 125, 105
N. W. 1127, 7 Ann. Cas. 932;  State v. Dean, 149 Minn. 410, 184 N. W.
275.  But it is urged that an ordinance requiring motion picture houses
to close on Sundays is inconsistent with the general laws of the state—
section 8753, G. S. 1913, as construed in State v. Chamberlain, 112
Minn. 52, 127 N. W. 444, 30 L.R.A.(N.S.) 335, 21 Ann. Cas. 679, and
followed in Houck v. Ingles, 126 Minn. 257, 148 N. W. 100.  Counsel
for respondent say that, stripped of all camouflage, the ordinance is
simply and solely Sunday legislation in direct conflict with and an at-
tempt to override the general statutes and the well settled public policy
of the state.  We do not regard it as legislation of that character.  It is
not the aim of the ordinance to compel the observance of the Sabbath day
by the people of North Branch.  Its only aim is to regulate the several
occupations and kinds of business to which it refers.  It is no more
Sunday legislation than is section 3141, G. S. 1913, prohibiting the sale

of intoxicating liquors on Sundays or the same provision commonly found in city and village ordinances regulating the liquor traffic.

The contention that section 9 conflicts with the general law and public policy of the state is supported by a skilful and plausible argument, in substance this: Section 8753, G. S. 1913, is a legislative declaration of public policy relative to Sunday observance, which prohibits the doing of certain things on Sunday, but not the indoor exhibition in an orderly manner of motion pictures. By failing to prohibit such exhibitions the legislature has impliedly sanctioned them, while section 9 of the ordinance expressly prohibits them.

We have examined all the cases cited in support of this contention, as well as others dealing with the vexed question of when a local ordinance must be held inconsistent with the general law. The conclusion we have reached is that the contention should not be sustained.

It is elementary that an ordinance must not be repugnant to, but in harmony with, the laws enacted by the legislature for the government of the state. It cannot authorize what a statute forbids or forbid what a statute expressly permits, but it may supplement a statute or cover an authorized field of local legislation unoccupied by general legislation. Every business and occupation is subject to the reasonable exercise of the police power of the municipality where it is carried on, and, in the exercise of the power, a city or village may regulate that which the state has failed to regulate. There can be no conflict between a statute and an ordinance, where there is no statute covering the subject matter of the ordinance. Such is the case here. The statute is silent upon the subject of the exhibition of motion pictures on Sundays. It does not prohibit their exhibition. Neither does it expressly permit it, as it does the playing of baseball on Sunday between certain hours. By refraining from legislating on the subject, and by authorizing villages not only to regulate the business but to refuse to grant licenses and so prevent such exhibitions, the legislature has treated the whole matter as one properly within the domain of the police power of villages. The public policy of the state should be determined by the legislature and not by the courts. We see no reason why reasonable local regulations, adapted to local conditions and in harmony with the wishes

of a majority of the inhabitants of a village, should not be permitted to stand, and such has been the opinion of the attorney general. Opinion 637, Rep. of Atty. Gen. 1916.

Previous decisions of this court, cases in other states and the text-writers have expressed views which support the conclusion we have reached. State v. Ludwig, supra; Evans v. City of Redwood Falls, 103 Minn. 314, 115 N. W. 200; City of Mankato v. Olger, 126 Minn. 521, 148 N. W. 471; State v. City of Duluth, 134 Minn. 355, 159 N. W. 792, Ann. Cas. 1918A, 683; MacPherson v. Village of Chebanse, 114 Ill. 46[1]; City of Clinton v. Wilson, 257 Ill. 580[2]; McQuillin, Mun. Corp. §§ 647, 878; 19 R. C. L. 803; 25 R. C. L. 1419. Whether it is wise or unwise to prohibit theatrical and other like performances on Sundays, is a question with which we are not concerned. North Branch has local self government. If its people want an ordinance of this kind, they may have it. If they no longer want it, they can have it repealed. For the reasons stated we are constrained to hold that the learned trial judge erred in overruling the demurrer and therefore the order appealed from must be and is reversed.

HALLAM, J. (dissenting).

In my opinion the ordinance in question, so far as it relates to picture shows, is not regulation but Sunday legislation and is repugnant to the statutes of the state as construed in State v. Chamberlain, 112 Minn. 52, 127 N. W. 444, 30 L.R.A.(N.S.) 335, 21 Ann. Cas. 679, and that it is therefore invalid. This is in accordance with the New York decisions on similar legislation. People v. Lent, 166 App. Div. 550, 152 N. Y. Supp. 18; People v. Lent, 215 N. Y. 626, 109 N. E. 1088.

[1] 28 N. E. 454, 55 Am. Rep. 857.                        [2] 101 N. E. 192.