35 N.J. Super. 549 (1955)
114 A.2d 487
STATE OF NEW JERSEY (BOROUGH OF FAIR LAWN), PLAINTIFF-APPELLEE,
v.
FAIR LAWN SERVICE CENTER, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Bergen County Court.
Decided May 24, 1955.
*550 Mr. Guy W. Calissi, Prosecutor of Bergen County (Mr. Jack Ballan appearing), attorney for plaintiff-appellee.
Mr. Heyman Zimel, attorney for defendant-appellant.
VANDERWART, J.C.C.
This is an appeal from the Municipal Court of the Borough of Fair Lawn, which on February 25, 1955 found the defendant guilty of a violation of N.J.S. 2A:171-1, and imposed a fine of $25 including costs. A plea of "not guilty" was entered. The facts in the case were stipulated as follows:
The defendant on February 13, 1955, in the Borough of Fair Lawn, operated an automobile service business at 37-16 Broadway, providing under one roof a complete service for automobiles, including the sale of gas, oil, etc., greasing, repairs and automatic washing of cars. On the day in question the defendant's business was open and in operation and it did, in fact, wash cars on that day. Further, that the defendant leases the entire premises, which is a piece of property having a frontage of 140 feet on Broadway and a depth of 300 feet, the premises being so arranged that the automobiles coming upon the premises to be washed are able to park on defendant's premises without interfering with the operation of the public highway; and the premises are located near the extreme boundary line of the borough limits and are not near any religious facilities. The Borough of Fair Lawn has agreed that the gas and servicing part of the premises are not in violation of the statute and no charge is made as to such services, this violation applying only to the car washing portion of the business.
On this appeal the defendant maintains: (1) that a car washing operation is a work of necessity within the fair meaning of the statute in question, N.J.S. 2A:171-1; and (2) that the statute is unenforceable criminally and ineffective *551 because of the absence of a penalty clause, and therefore not within the purview or jurisdiction of a criminal court.
The court has carefully considered the facts in this case, as well as the law having bearing upon them, and the briefs submitted by counsel have been helpful in the review of both. The court will decide the two questions cited above in reverse order.
N.J.S. 2A:171-1 is a part of Subtitle 12 of our Revised Statutes entitled "Disorderly Persons." The subtitle is composed of chapters 169, 169A, 170 and 171. N.J.S. 2A:169-4 provides:
"Except as otherwise expressly provided, a person adjudged a disorderly person shall be punished by imprisonment in the county workhouse, penitentiary or jail for not more than one year, or pay a fine of not more than $1,000, or both."
N.J.S. 2A:171-1 is that portion of Subtitle 12 entitled "Disorderly Persons" which provides:
"No worldly employment or business, except works of necessity and charity, shall be performed or practiced by any person within this state on the Christian Sabbath, or first day of the week, commonly called and hereinafter designated as Sunday."
It is clear that N.J.S. 2A:171 et seq. does not, among its provisions, contain any penalty clause. The defendant contends that because of the absence of such a penalty clause this statute is unenforceable criminally and is ineffective, and therefore is without the jurisdiction of a criminal court. With this contention the court cannot agree. It is clear that the provisions of the Vice and Immorality Act have come down, through legislative enactment and revision, over a long period of years. There have been modifications of the original statute for suppressing vice and immorality in the year 1912, and in 1933; there was also a revision in 1937; and finally, in 1952, the present law became classified under the Disorderly Persons Act as part of Subtitle 12 of Title 2A.
When it becomes apparent that there is an absence of a penalty clause in a portion of the Disorderly Persons Act, it plainly becomes necessary to examine, and the law governing *552 interpretation and construction of statutes requires the examination of, other portions of the Disorderly Persons Act to discover such a penalty clause. This exists in that portion of Subtitle 12 known as N.J.S. 2A:169-4, referred to above.
It is, therefore, my conclusion that the statute in question does contain a penalty clause and that the imposition of the fine of $25 by the Acting Magistrate of the Borough of Fair Lawn is a proper penalty following the conviction of the defendant.
That which appears to be a more important consideration on this appeal concerns the guilt of the defendant under the stipulated facts, as set forth at the beginning of this decision. In other words, when the defendant on February 13, 1955 maintained a car washing operation, and carried it on upon the premises at 37-16 Broadway in Fair Lawn, did he violate Article 1 of N.J.S. 2A:171 et seq. by carrying on a business which was at that time and on that occasion a work of necessity and charity?
Counsel have cited numerous cases in their memoranda and these the court has examined carefully. Needless to say, insofar as this particular type of business activity or service is concerned, there are no cases covering the subject in our State. Both counsel have therefore brought to the court's attention the meaning of the terms "necessity" and "charity" as elaborated in courts other than our own.
An examination of these several cases evince the following thoughts, viz.: that the words "works of necessity and charity" should be interpreted under existing circumstances and conditions; that a statute employing these words should have a reasonable construction so as to promote the end for which it was enacted; that there are presently many things which at one time were "luxuries" and at another time may become "necessaries"; and, finally, that the "necessity" meant is not a physical or absolute necessity but a propriety of the work and labor done under particular circumstances.
Bearing in mind all of these observations, this court cannot conclude that the washing of an automobile on the Sabbath is *553 a work of necessity. Bearing in mind that the automobile is an essential element of our modern life, both economically and esthetically; recognizing the requirement of travel by automobile on the Sabbath Day, from the standpoint of pleasure and from the standpoint of need; and also recognizing that an automobile must be serviced in this modern day properly to provide such means of travel, this court cannot associate with all the elements of such necessity the necessity of a washing of the automobile. Such car washing has no effect upon the operation of the vehicle, nor upon its better transportation. Does it not necessarily follow that the washing of the car is done solely for the pleasure and the esthetic sense of its owner or user? If we are to follow the definition of the word "necessity" to include the satisfaction of the owner of the car, in an esthetic sense, do we not open the door to a great many so-called "works of necessity" such as the operation of beauty shops, laundries and dry-cleaning establishments, the painting of houses, photographic studios, and a multitude of other things?
It is my conviction that the words "work of necessity" should be limited to those labors which cause the least interference with business or existing customs. As has been said by one particular court, Sabbath legislation proceeds upon the theory that the physical, intellectual and moral welfare of mankind requires a periodic day of rest from labor, and as some particular day must be fixed, the one most naturally selected is that which is regarded as sacred by the greatest number of citizens, and the one which by custom is generally devoted to religious worship, or rest and recreation. And in the same case the court observed:
"The object of the law is not so much to protect those who can rest at pleasure, but to afford rest to those who need it, and who, from the conditions of society, could not otherwise obtain it. Moreover, if the law was not obligatory upon all, and those who desired to do so were permitted to engage in their usual vocation on Sunday, others engaged in the same kind of labor or business might, against their wishes, be compelled, by the laws of competition in business, to do likewise." State v. Petit, 74 Minn. 376, 77 N.W. 225, 226.
*554 It is my conclusion that the defendant in this case, on the Sabbath Day, as he engaged in the business of car washing, was engaged in a business really of convenience  convenience to him and convenience to those who, for one reason or another, desire the appearance of an attractive automobile and who did not choose to find the time during the entire week to effectuate that purpose.
The judgment of conviction of the defendant for a violation of N.J.S. 2A:171-1 is therefore confirmed, together with the penalty then imposed, viz.: the fine in the sum of $25, inclusive of costs.
An order may be presented in accordance with this decision.