GEORGE WARD v. JANE T. WARD.

January 17, 1899.

Nos. 11,022—(200).

| 75 | 269 |
| d86 | 298 |
| e86 | 299 |

**Sunday—Judicial Proceedings Forbidden.**

By the common law all judicial proceedings on Sunday were forbidden. Any other business could lawfully be transacted.

**G. S. 1878, c. 100, § 20, Repealed by Penal Code.**

G. S. 1878, c. 100, § 20, which in terms prohibited all manner of labor, business or work upon Sunday, except works of necessity and charity, was expressly repealed on the adoption of the penal code in 1886 (G. S. 1894, § 6851).

**G. S. 1894, § 6517—Private Contracts not Forbidden.**

The present law (G. S. 1894, § 6517) simply prohibits all manner of public selling and offering for sale publicly of property upon Sunday, except certain specified articles. The statutory prohibition does not cover or affect contracts or casual sales made privately, and it was not designed to forbid business transactions which are privately conducted. Such sales are legal, and may be enforced.

**Statute of Frauds—Delivery and Acceptance—Finding Sustained by Evidence.**

*Held*, that the evidence produced upon the trial of this action, which was brought to recover the alleged value of certain farm products sold in separate lots or parcels, each of a value of more than $50, was sufficient to sustain a finding that subsequent to the alleged sale the property was delivered to defendant, and received and accepted by her as her own, and thus to satisfy the statute of frauds.

**Charge to Jury Erroneous.**

*Held*, for reasons given in the opinion, that the court erred in its

charge when stating that the defendant admitted a certain matter which was in dispute, for which error a new trial must be had.

From an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial, defendant appealed. Reversed.

*Savage & Purdy,* for appellant.

To constitute a delivery and acceptance of goods, within the meaning of the exceptions in the statute of frauds, something more than words is necessary. There must be some act amounting to a transfer of the possession and an acceptance thereof by the buyer. Shindler v. Houston, 1 N. Y. 261; Brabin v. Hyde, 32 N. Y. 519; Rodgers v. Phillips, 40 N. Y. 519; Caulkins v. Hellman, 47 N. Y. 449; Stone v. Browning, 51 N. Y. 211, 68 N. Y. 598; Good v. Curtiss, 31 How. Pr. 4; Ham v. Van Orden, 4 Hun, 709; Denny v. Williams, 5 Allen, 1; Remick v. Sandford, 120 Mass. 309. This is to be proved by the party setting up the contract. Remick v. Sandford, supra; Taylor v. Mueller, 30 Minn. 343.

A contract void because made on Sunday cannot be ratified, nor can a recovery be had thereon without a new contract. Allen v. Deming, 14 N. H. 133; Day v. McAllister, 15 Gray, 433; Vinz v. Beatty, 61 Wis. 645; Plaisted v. Palmer, 63 Me. 576; Shelton v. Marshall, 16 Tex. 344; Negley v. Lindsay, 67 Pa. St. 217. See also Aspell v. Hosbein, 98 Mich. 117; Winfield v. Dodge, 45 Mich. 355. There must be an express subsequent contract. Bradley v. Rea, 14 Allen, 20, 103 Mass. 188; Reeves v. Butcher, 31 N. J. L. 224; Perkins v. Jones, 26 Ind. 499; McIntosh v. Lee, 57 Iowa, 356; Gwinn v. Simes, 61 Mo. 335.

The following contracts and instruments executed on Sunday have been declared void under the Sunday violation acts of the respective states in which the decisions were rendered: A replevin bond: Link v. Clemmens, 7 Blackf. 479. A deed: Love v. Wells, 25 Ind. 503. A sale of goods: Perkins v. Jones, 26 Ind. 499. A promissory note: Sayre v. Wheeler, 31 Iowa, 112, 32 Iowa, 559; Clough v. Goggins, 40 Iowa, 325; Tucker v. West, 29 Ark. 386; Reynolds v. Stevenson, 4 Ind. 619. Hiring a horse: Stewart v. Davis, 31 Ark. 518. An offer to rescind a sale: Merritt v. Robinson, 35 Ark. 483.

Selling tickets for a public entertainment: Quarles v. State, 55 Ark. 10; Hill v. Hite, 79 Fed. 826, 85 Fed. 268. Any contract: Johnson v. Brown, 13 Kan. 529; Birks v. French, 21 Kan. 238.

Any erroneous assumption of material facts by the court in charging the jury is reversible error. 11 Am. & Eng. Enc. 254; Gaither v. Martin, 3 Md. 146; Sherman v. Dutch, 16 Ill. 283; Peck v. Ritchey, 66 Mo. 114; Kinney v. Williams, 1 Colo. 191; Railroad Co. v. Gladmon, 15 Wall. 401; Smith v. Dukes, 5 Minn. 301 (373); Schwartz v. Germania Life Ins. Co., 21 Minn. 215; Siebert v. Leonard, 21 Minn. 442.

*George R. Robinson*, for respondent.

A contract of sale made on Sunday, but not completed by delivery until a subsequent day, is not a contract within the statute of frauds. State v. Young, 23 Minn. 551; Schwab v. Rigby, 38 Minn. 395; 1 Wharton, Cont. § 382; Benjamin, Sales, § 577; Smith v. Bean, 15 N. H. 577; Merrill v. Downs, 41 N. H. 72; Mason v. Thompson, 18 Pick. 305; Rosenblatt v. Townsley, 73 Mo. 536.

COLLINS, J.

Action to recover the reasonable value of certain goods, wares and merchandise alleged to have been sold and delivered by plaintiff to defendant, of the value of $1,064.40. Plaintiff had a verdict for $439.86.

According to the bill of particulars, these articles were sold in three separate lots or parcels,—one upon December 2, 1894, which was Sunday; another upon January 20 following, which was also Sunday; and the third upon April 7 following. Each of these lots or parcels was of a value exceeding $50; all of the sales were made verbally, if at all; none of the articles were delivered at the time, and no part of the purchase price was then, or subsequently, paid.

1. There is no merit whatever in defendant's assignment of error in respect to the second bill of particulars, and it need not be discussed.

2. Conceding that each of these sales was void under the statute of frauds, the evidence, in regard to a subsequent delivery to defendant and that she received and accepted the articles specified in the bill of particulars as her own and unconditionally, was suffi-

cient to justify the verdict. The articles in question were ground feed, corn, oats, hay, some beef, a hog, a cow, a heifer and a horse.

Both parties resided on farms not far apart, and defendant carried on a dairy business. Some of these articles were delivered by plaintiff on defendant's farm and with her knowledge, while one of her servants went to plaintiff's farm, and hauled away other articles; all of which went upon and were used on her farm.

There was no dispute over a delivery of the horse by plaintiff to a young man by the name of Allen, who had resided in defendant's family from boyhood, but the controversy was as to its ownership and who turned it over to Allen. Plaintiff's contention was that he owned the animal, and that defendant bought it of him with directions to deliver it to Allen; while defendant contended that her husband, plaintiff's father, to whom she had recently been married, owned the horse, and turned it over to Allen in part payment of her debt. That Allen received the horse on account of defendant's indebtedness to him was undisputed, and, if the jury believed the plaintiff's testimony on this branch of the case, they were warranted in finding that the horse was delivered to Allen on defendant's order.

As before stated, we are of the opinion that the acts and course of conduct on defendant's part sufficiently showed her intention to receive the goods in performance of the verbal agreement, and to appropriate them as her own, and unconditionally. This satisfied the statute.

3. We have no occasion to examine either the charge of the court as to the subsequent ratification and validation of a Sunday contract for the sale of personal property by a delivery and acceptance thereof, or the requests to charge on this subject submitted by defendant's counsel, and rejected and refused by the trial court. All controversy arising out of the fact that two of the sales, all of which were at plaintiff's farm, were made on Sunday, grew out of a misapprehension as to the present condition of the statutes of this state in regard to the observance of Sunday.

Prior to the adoption of the penal code, which took effect January 1, 1886, G. S. 1878, c. 100, § 20, was in force, and the earlier decisions of this court were based upon that section, which, in unequivocal

language, prohibited all manner of labor, business or work upon Sunday, except works of necessity and charity, and made a violation of these provisions a misdemeanor punishable by fine. This section was construed as similar sections had been elsewhere. But it was expressly repealed by the penal code (G. S. 1894, § 6851), and the nearest approach to it is section 6517. This prohibits all manner of public selling and offering for sale of any property upon Sunday, excepting articles of food, to be sold and supplied before 10 o'clock in the morning, and certain other articles, which may be sold in a quiet and orderly manner at any time of the day. There is no inhibition in the statute upon a private casual sale, as were those now in dispute, and consequently the decisions of this court based upon a former statute, or of other courts in states where statutes of the same import prevail, are not at all pertinent.

By the common law all judicial proceedings on Sunday were forbidden, but any other business could lawfully be transacted. We are therefore governed wholly by the present statute and must dispose of the question without reference to decisions which were founded upon a statute now repealed. Section 6517 was taken bodily from the New York Penal Code, where it is now found as section 267. In that state this section, practically in its present form, seems to have superseded, in 1865 (1 R. S. p. 676, § 71), an old enactment by which it was provided that "no person shall expose for sale any wares, merchandise," etc., on Sunday; and in 1835 it was held, in Boynton v. Page, 13 Wend. 425, that this prohibition extended only to the public exposure of commodities to sale in streets, stores, shops and like public places, and had no reference to mere private contracts made without violating, or tending to produce a violation of, the public order and solemnity of the day.

After considerable examination of the New York Reports, we are unable to find a case in which the language found in the penal code of that state, and used in our section 6517, supra, has been construed. It is very clear, however, that no doubt can exist as to the interpretation to be put upon it. It is capable of but one construction, and simply means what it so distinctly says. Public selling

75 M.—18

and offering for sale publicly of any kind of property, except as specified, upon Sunday, is prohibited. He who violates this law is guilty of a misdemeanor punishable by a fine, and known as Sabbath breaking. Section 6519. The prohibition extends to public sales and publicly offering for sale only.

The statute does not cover or affect contracts or casual sales made privately, and without violating, or tending to produce a violation of, the public order and solemnity of the day. It was not designed to forbid business transactions which in no manner affect the rights of others who are properly observing the day. There is no real difference between section 6517 and the statute construed in the Boynton case, supra. The sales in question were not prohibited by the statute.

4. We have stated the claims made by each of these parties as to the horse. In its charge to the jury the court referred to this portion of the case, and, speaking of the Sunday contract, said, concerning the horse:

"And if you find that this property was delivered at a subsequent time to the defendant, and she accepted it, and converted it to her own use, *and used it, as has been admitted by the defendant that she used it, in payment of her debt,* then the fact that it is a contract made on Sunday would not destroy the validity of it."

A special exception was taken to the language above italicised, and it is urged that this was a rank misstatement of the testimony. It certainly was. The defendant nowhere admitted that she used the horse in payment of her debt. She did admit that the horse was turned over by her husband in part payment of a debt she owed Allen, but expressly denied that she had anything to do with this transaction except to consent to it when informed that her husband stood ready to use his own property in part payment of his wife's debt, and to give his note for the balance of the indebtedness, which was done.

While, under our construction of section 6517, this instruction may not have been error which would compel a reversal if the Sunday question had been the only one in the case, it was calculated to influence the jury improperly when considering the question of de-

livery in connection with the statute of frauds. For this reason a new trial must be had.

5. Other assignments of error need no consideration.

Order reversed and a new trial ordered.