PATRICK HOLDEN v. ELLEN O'BRIEN.[1]

May 23, 1902.

Nos. 13,055—(125).

**Sunday—Notes and Contracts.**

The Penal Code (G. S. 1894, §§ 6510, 6513) does not prohibit the casual execution and delivery of promissory notes or contracts on the Sabbath.

**Separate Issues—General Verdict.**

Where some of the issues submitted to a jury constitute a good defense, and part do not, and a general verdict is returned for defendant, it cannot stand, if it does not appear upon which issue the verdict is based.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign and Cant, JJ., affirming an order of the municipal court of Duluth denying a motion for a new trial. Reversed and new trial granted.

[1] Reported in 90 N. W. 531.

*M. H. McMahon,* for appellant.
*R. R. Briggs,* for respondent.

LEWIS, J.

Action upon a promissory note. Defense: Want of consideration; that it was executed and delivered to a third party by the defendant on a Sunday; that the date—January 25, 1898—was not the true date of its execution and delivery; and that appellant had due notice of those facts when he came into possession of the note. The cause was tried and submitted to the jury upon these several defenses, and a general verdict was returned for the defendant.

The appeal calls for the consideration of the following questions:

First. Was the note void by reason of the fact that it was executed and delivered on Sunday, although antedated to have the appearance of having been executed upon a secular day?

Second. If, for such reason, the note was void, was that defense open to defendant as against appellant, who purchased the same after maturity?

Third. If the note was not void by reason of its execution and delivery upon Sunday, can the verdict for defendant be sustained upon the ground that there was no consideration?

1. The respondent ingeniously argues that because the court, in construing G. S. 1878, c. 100, § 20 (Brimhall v. Van Campen, 8 Minn. 1 [13], and State v. Young, 23 Minn. 551), held that it prohibited all kinds of business upon the Sabbath, including the execution and delivery of contracts, the same construction should be given to G. S. 1894, § 6513; that section 6517 refers simply to the selling of property in a public manner upon the Sabbath, and hence the decision in Ward v. Ward, 75 Minn. 269, 77 N. W. 965, is not decisive of the question now before the court.

That part of the 1878 statute necessary to consider reads:

"No person shall keep open his shop, warehouse or workhouse, or shall do any manner of labor, business or work, except only works of necessity and charity."

And the language referred to in section 6513 reads:

"All labor on Sunday is prohibited, excepting the works of necessity or charity."

We agree with respondent that the words "all labor," as used in section 6513, must be held to include all classes of business or work, and is equivalent to the words "labor, business or work," as used in the 1878 statute. But it does not follow that the same construction must be given to it. Conceding that section 6513, considered by itself, without reference to the other provisions in the Penal Code regarding Sabbath regulations, should be construed so as to include all labor, work, or business excepting works of necessity or charity, yet we must consider the entire legislation upon the subject in order to get at the proper bearing of the individual provisions.

The first section (6510) declares that the law prohibits the doing of certain acts on the Sabbath which are serious interruptions of the repose and religious liberty of the community. An examination of the succeeding sections will indicate an intention on the part of the legislature, not to make absolute prohibitions of any class of labor and business, but, with certain exceptions that such business or labor is not to be carried on in a public manner, or so as to interfere with or disturb the religious observances and the quiet of the Sabbath. This is apparent from the language of section 6513, which, although it prohibits all labor, yet, in defining works of necessity or charity, includes whatever task is needful during that day for the good order, health, or comfort of the community; and in section 6514 is recognized the right of those who observe any other than the first day of the week as Sunday to engage in business, provided it does not interrupt or annoy persons observing the first week day as the Sabbath. In section 6516, while trades, manufactories, and mechanical employments are prohibited on Sunday, yet there is an exception that they may be carried on in their ordinary and usual manner, when necessary, so long as there is no interference with the repose of the Sabbath.

The same intention appears in section 6517, which is discussed and construed in the case of Ward v. Ward, supra, and the point made in that case is that all selling or all business of a public nature is not prohibited, but only when carried on to such an extent as to interfere with the privileges of the day. In that case

the discussion was confined to section 6517, and the conclusion of the court was based largely upon the construction of a similar statute in New York, but the reasoning there employed is equally applicable to section 6513 and the other provisions referred to. The manifest intention of the legislature was to prohibit the carrying on of any business or traffic to the extent of seriously interrupting the religious observances of Sunday, and, so considered, the casual execution and delivery of a promissory note does not come within the prohibition, and is not illegal and void.

2. Since appellant purchased the note after its maturity, he was charged with all the defenses which the maker had against the original payee, and therefore, if the note was invalid in the hands of such payee upon the ground that it was given without consideration, being merely accommodation paper, that defense was open to the respondent in this action. The law is well settled upon that proposition, and it is unnecessary to cite authorities. As we understand the record, the evidence upon that question was conflicting, and, if it had been the only question submitted to the jury, their verdict would be final, and appellant would not be entitled to any relief; but the verdict was in a general form for respondent, and it is impossible to determine how the jury may have found upon the question of consideration, and for that reason the verdict cannot be sustained, and a new trial must be granted.

Order reversed, and a new trial granted.