(57 Misc. Rep. 659.)

### PEOPLE v. FINN.

(Supreme Court, Special Term, Kings County.  February, 1908.)

SUNDAY—VIOLATION OF SUNDAY LAW—"PUBLIC SPORT, EXERCISE, OR SHOWS."
    Relator was committed by a city magistrate on a charge of violating Pen. Code, § 265, prohibiting all "public sport, exercise, or shows" on the first day of the week, by exhibiting moving pictures. The return on habeas corpus showed that the act consisted in exhibiting pictures illustrating lectures delivered at the same time on the story of Joseph and his brethren and also an illustrated lecture on the lumber industry in California. *Held*, that the exhibition did not constitute "public sport, exercise, or show," within the intention of the Code.

Thomas E. Finn was committed on a charge of violation of the Sunday law, and brings habeas corpus. Writ sustained, and prisoner discharged.

Luke O'Reilly, for petitioner.
Peter P. Smith, Asst. Dist. Atty., for the people.

CARR, J. The relator is held by the sheriff of the county of Kings by virtue of a commitment from a city magistrate in the borough of Brooklyn. The commitment recites that the prisoner is to be held "upon a charge of violation of Sunday law in exhibiting in a public place moving pictures." On the return to the writ of habeas corpus in this matter, it appears that the prisoner was arrested by a police officer and arraigned before a magistrate upon a complaint which charged him with violation of section 265 of the Penal Code. On the argument before the court the testimony taken by the magistrate, previous to the commitment of the prisoner, was by the consent of the respective counsel considered as part of the return.

It is well settled that, if a magistrate had no evidence before him showing the commission of a crime by the prisoner, there was no jurisdiction in the magistrate to commit him for hearing before another tribunal. People ex rel. Bungart v. Wells, 57 App. Div. 140, 68 N. Y. Supp. 59. It appears from the testimony taken before the magistrate that the prisoner operated an apparatus by which moving pictures were thrown upon a screen in the Majestic Theater, in the borough of Brooklyn, on the evening of Sunday, December 22, 1907. These pic-

tures were shown for the purpose of illustrating a lecture then and there delivered upon the biblical story of Joseph and his brethren. At the close of this lecture a hymn, or at least a sentimental song, was sung by a person who appeared upon the stage, which purported to represent the aspirations of a dying child to be received into heaven. Then an additional lecture was delivered upon the lumber industry in California, and pictures illustrating the growth of the famous great trees and the various details of the lumber industry were likewise thrown upon the screen by the prisoner. It is contended that the acts of the prisoner constituted a violation of section 265 of the Penal Code and section 1481 of the Greater New York charter. Laws 1897, p. 522, c. 378.

Section 265 of the Penal Code reads as follows:

"All shooting, hunting, fishing, playing, horse racing, gaming, or other public sport, exercise, or shows, upon the first day of the week, and all noise disturbing the peace of the day, are prohibited."

It is argued that the exhibition of these moving pictures falls within the classification of "public sport, exercise, or shows." In construing this section of the statute, we must avail ourselves of the well-settled rules of statutory construction. It is well settled that wherever, in a written instrument or in a statute, words of particularity are followed by words of general import, then the words of general import must be so construed as to limit them to ejusdem generis with the words of particularity which precede them. It seems to me quite plain that the giving of a public lecture on a Sunday in relation to a biblical story, or in relation to a subject-matter of purely intellectual interest, cannot be held to be within the provisions of the statute just cited. This act was framed before the idea of moving pictures was conceived by the mind of man and must be interpreted with relation to the then intent of the legislators. The showing of moving pictures may, or may not, constitute violation of the statute in question. It all depends upon the method and the purpose of such show. Where they are given as an incident to and for the purpose of illustrating a lecture which in itself is permissible, their showing does not fall within the intention of the statute.

Nor is the situation changed by the fact that section 1481 of the Greater New York charter prohibits, among other things, "any other entertainment of the stage." These words appear in the classification as follows:

"Any interlude, tragedy, comedy, opera, ballet, play, farce, negro minstrelsy, negro or other dancing or any other entertainment of the stage."

The same rule of statutory interpretation applies here. "Entertainment of the stage" forbidden must be of a similar character as the particular acts forbidden. The mere fact that some one stands upon a stage does not make his performance "an entertainment of the stage." In that case we might have a purely religious sermon, or an ethical discourse, held to be an "entertainment of the stage," simply because of the place from which it was delivered. Such a result would be preposterous.

In this memorandum I have confined myself to the particular facts brought before me on this hearing. Whether or not the showing of some kind of moving pictures would constitute a violation of the statute is not before me. The showing of the pictures which figure in this proceeding clearly does not constitute a crime. The writ is sustained, and the prisoner discharged from custody.

Writ sustained, and prisoner discharged.