EDWARDS et al. v. McCLELLAN, Mayor, et al.

(Supreme Court, Special Term, Queens County. June 21, 1909.)

1. INJUNCTION (§ 105\*)—INTERFERENCE WITH SUPERVISION OF THEATERS.

 Equity will not interfere by injunction with the necessary police supervision and inspection of theaters and shows to prevent indecent exhibitions.

 [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 178; Dec. Dig. § 105.\*]

2. SUNDAY (§ 6\*)—AMUSEMENTS—SHOWS—STATUTES—CONSTRUCTION—"PUBLIC SHOWS."

 Moving picture shows, given indoors, accompanied by music, electric light advertising, and posters, are not "public shows," within Pen. Code, § 265, prohibiting "all shooting, hunting, fishing, playing, horse racing, gaming, or other public exercises or shows" on Sunday.

 [Ed. Note.—For other cases, see Sunday, Dec. Dig. § 6.\*]

Action by Francis M. Edwards and another against George B. McClellan, as Mayor, and others. Motion for order continuing a temporary injunction. Motion granted.

Edmund C. Viemeister, for plaintiffs.

Francis K. Pendleton, Corp. Counsel, for defendants.

KELLY, J. The plaintiffs move for an order continuing a temporary injunction restraining the mayor and the police officials from interfering with their moving picture business in Jamaica on Sunday. When these moving picture cases were before the Special Term a year ago on applications to enjoin the police from interfering with their exhibitions on Sunday, I expressed the opinion that, as it had to be conceded that they were "shows," when the accompaniment of music, electric light advertising, and posters were considered, they were "public shows," prohibited by Pen. Code, § 265. I interpreted the use of the word "public" as contrary to "private," and, as it could not be claimed that the exhibitions were private shows, I held they were prohibited. No appeal was taken from the decision then made. The action never was brought to trial.

Since that time the Appellate Division in this department, in the case of People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690, has decided by a divided court that these shows are not "public shows," prohibited by the statute. As I read this decision, it is decided that these moving picture exhibitions are not public shows, because they are given indoors, but that out-of-door sports, in the open, such as baseball, for instance, are prohibited. I think this is an unfortunate situation for the community; but my individual opinion in the matter does not control, in view of the Appellate Division decision to the contrary. I am not informed whether an appeal was taken to the Court of Appeals in the Hemleb Case; but it appeared to be conceded on the argument that the decision at this time has not been reversed. There appears to be such a diversity of opinion among the judges of the courts and in the community generally as to the legality of these Sunday theatrical performances that I am free to say it appears to me that

the question should be properly and fairly submitted to the Court of Appeals, so that we may ·have a final definite decision in the matter. It is true that the Court of Appeals, in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759, decided that equity will not .interfere to prevent the criminal prosecution of some alleged unlawful act, especially where the business itself, even when lawfully conducted, exists by mere sufferance of the law, or where it is of such a character that it may be lawful or unlawful at the will of him who conducts it.

These moving picture shows are oftentimes offensive to decency, and because of the methods involved in the exhibition are a source of great danger to the morals of young children, who are attracted to them by their location along the sidewalks, the low price of admission, and the short time occupied in the performance, where the ordinary theater performance would not and could not be patronized. It has been stated. recently by one of my associates that indecent exhibitions should be prohibited in the high-priced theaters; but, of course, the fact that for some reason they may be allowed there is no excuse for permitting them in the moving picture shows. Against the necessary supervision and inspection by the police to accomplish this end, equity will not interfere.

I am not impressed by the argument of counsel that this moving picture business is carried on as an educational or philanthropic enterprise, nor am I deceived by the statements that the pictures are all of a historical, religious, or educational character. Nor is the deduction which he draws, that the work of the exhibition is therefore ·a "work of necessity," which should be allowed on Sunday under the express exception of the law, one that appeals to the common sense of any one. I do not see that these arguments are of service. This case rests squarely on the decision of the Appellate Division in People v. Hemleb, supra, by which it is declared that a moving picture exhibition, such as this, is not a public show prohibited by law.

The defendants offer no proof or suggestion that there is anything improper about the pictures or the method of exhibition. If the exhibition itself is not in violation of law, I do not think the employés should be charged with unlawful labor on Sunday, because they see fit to earn their living working for employers who are declared innocent of wrongdoing by the courts. If the owners and proprietors are not violating the law by conducting the exhibitions, I think the man who operates the machine for day's wages is not to be selected for prosecution for his labor.

To this extent, and to this extent only, following the decision of the appellate court, I am compelled to grant this motion. So far as the alleged violation of law consists in conducting the moving picture show as an exhibition, and so far as the violation of law alleged against the employés is the mere fact that they are working in this establishment, I think these matters are settled in favor of the plaintiffs by the decision in People v. Hemleb.

The injunction order must prescribe that it in no way interferes with·the police in their inspection of a show and the premises under the charter provision, and in no way· interferes with their right to ar-

rest for any violation of the law either in the character of the exhibition, the methods in which it is given, or disturbance of the peace and quiet of the neighborhood.