## STATE v. D. W. CHAMBERLAIN.[1]

### July 29, 1910.

### Nos. 16,657—(26).

Sunday — meaning of "shows" in the statute.

> Under the rule of ejusdem generis the term "shows," in section 4981, R. L. 1905, which prohibits certain sports on the Sabbath Day, refers to out of door amusements, and a moving picture exhibition, designed to illustrate moral subjects, for the entertainment of the public, when conducted in an orderly and proper manner within a building, is not within the provisions of the statute.

[1]Reported in 127 N. W. 444.

[Note] Prohibition of Sunday sports or games, see note in 17 L.R.A. 830.
Keeping theater open on Sunday as violation of Sunday laws, see note in 17 L.R.A.(N.S.) 1157.

Defendant was arraigned in the municipal court of Mankato upon the charge of Sabbath breaking, to which he pleaded "not guilty." The case was tried before Comstock, J., and a jury which returned a verdict of "guilty." From an order denying defendant's motion for a new trial, he appealed. Reversed.

*Charles J. Traxler,* for appellant.

*George T. Simpson,* Attorney General, and *Walter A. Plymat,* County Attorney, for the State.

LEWIS, J.

A criminal complaint was made against appellant in the municipal court in the city of Mankato, charging him with the crime of Sabbath breaking, committed as follows: "That at the city of Mankato, Blue Earth county, Minnesota, on the 20th day of February, 1910, the same being the first day of the week, Sunday, D. W. Chamberlain did run and operate a public show for hire, and did admit the public thereto generally for an admission fee of ten cents each, against the peace and dignity of the state of Minnesota, and contrary to the statute in such case made and provided." It was shown by the uncontradicted evidence at the trial that appellant was the manager of the Unique Theater, located and facing on one of the streets of the city; that from seven until ten o'clock Sunday evening, February 20, 1910, appellant conducted a moving picture show in the theater by means of a canvas or screen erected upon the stage and visible to the audience. On the occasion in question there were from one hundred fifty to two hundred people present. The exhibition was accompanied by piano music, and consisted of a series of pictures representing different subjects. The pictures were entirely moral, and the people attending were thoroughly respectable and orderly. The theater entrance was on the street, but there were no signs visible, except the name over the door, "Unique Theater." Tickets were sold in the theater vestibule, but there was no calling out or announcing the show or the sale of tickets.

The trial court charged the jury as follows: "If you find, from all the evidence in the case, fairly and carefully considered by you, that on the twentieth day of February, 1910, the defendant con-

ducted a public exhibition by operating a moving picture show within a building on the public street, in the city of Mankato, by means of pictures thrown and exhibited upon a canvas or curtain, and that the public generally were invited and admitted without discrimination to such exhibition, and that an admission fee was charged therefore, and if you so find as to each and all of these things beyond a reasonable doubt as the court has charged you, you will then find the defendant guilty as charged in the complaint. If you do not so find beyond a reasonable doubt as the court has charged you, you will then find the defendant not guilty."

The single question here submitted is whether the moving picture show, as conducted by appellant, was prohibited by the provisions of sections 4980 and 4981, R. L. 1905.

The present statute is a condensation of the several sections on the same subject found in G. S. 1894. Section 4980 reads: "The law prohibits the doing on the first day of the week of the certain acts in section 4981 specified, which are serious interruptions of the repose and religious liberty of the community, and the doing of any of said acts on that day shall constitute Sabbath breaking. * * *" That part of section 4981 necessary to set out here reads: "All hunting, shooting, fishing, playing, horse racing, gaming and other public sports, exercises and shows." Does the word "shows," as used in section 4981, include a moving picture show, or similar entertainment, when conducted in a building where the only feature of publicity consists in the fact that the public is invited to attend and enter the building by means of an entrance opening on a public street?

Hunting, shooting, fishing, playing, horse racing and gaming undoubtedly refer to outdoor life. The words, "other public sports, exercises, and shows," by reason of their association with what precedes them, refer to the same character of sports or exercises, viz., those conducted out of doors. This is the proper application of the rule ejusdem generis: General words, following an enumeration of particulars, are limited by reference to the preceding particular enumeration, and are to be construed as including only all other like things. This part of the statute was taken from the New York code, and the appellate division of the supreme court of that state has held

that the term "shows" applies only to out of door sports. People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690. To the same effect: Edwards v. McClellan (Sup.) 118 N. Y. Supp. 181; Fox v. McClellan, 62 Misc. 100, 114 N. Y. Supp. 594; People v. Finn, 57 Misc. 659, 110 N. Y. Supp. 22; Keith & Proctor Amusement Co. 'v. Bingham (Sup.) 108 N. Y. Supp. 205; Eden Musee v. Bingham, 58 Misc. 644, 108 N. Y. Supp. 200.

It has never been the legislative policy in this state to strictly enforce the cessation of all kinds of works and amusements on the Sabbath Day. The leading principle all through the different enactments upon the subject is to prevent any serious interruption of the, repose and religious liberty of the community. This means that it has not been the intention to interfere with the freedom of the public in the pursuit of amusement and relaxation on the Sabbath Day, when it does not seriously interfere with the rights of other members of the community who desire a quiet and uninterrupted observance of the day.

The policy of the legislature is referred to in the case of Ward v. Ward, 75 Minn. 269, 77 N. W. 965, when that section of the statute was under consideration which prohibits all manner of public selling on Sunday, and it was held that it was the intention to prevent only public selling, and not a private or casual sale, such as did not tend to produce a violation of public order and the solemnity of the day. To the same effect, see Holden v. O'Brien, 86 Minn. 297, 90 N. W. 531, where, for the same reason, it was held that the statute did not prohibit the casual execution and delivery of promissory notes or contracts on the Sabbath Day.

We have reached the conclusion that the exhibition as conducted by appellant is not within the provisions of the statute. But it should be understood that our decision is based on the evidence of this particular case, and it should not be understood that moving picture shows, and similar entertainments, may not be abated under other provisions of the law, when unwholesome in character or when improperly conducted.

Reversed.

BROWN, J. (dissenting).

I dissent. The decision in this case opens the door to all Sunday theaters, on condition that their exhibitions and performances be of a moral nature and orderly conducted. The statutes do not so read. They contain no such reservation, but, on the contrary, expressly prohibit on the Sabbath Day, without qualification, all public shows and exhibitions, regardless of their character or the manner in which they are conducted.

Authorities cited from New York are not in point. In that state there are two statutes upon the subject—one applying to outdoor sports, shows, and exhibitions, and the other to indoor theatrical performances of a certain character, which are expressly enumerated in the statute. A moving picture show is not among the enumerated indoor shows, and the courts of that state have held, and properly so, that the statutes prohibiting outdoor shows do not apply to a show or exhibition of that kind. So that in New York there is no statute prohibiting a moving picture show.

In this state we have but one statute on the subject, which, in my judgment, properly construed, applies both to indoor and outdoor shows. It is absurd to impute to the legislature a solemn purpose to prohibit Sunday outdoor exercises, and to protect and sanction the cheap indoor shows which are always, whatever their character or tone, demoralizing to the youth who attend them. The conclusion reached by the court in this case seems a severe strain upon the rules of statutory construction.

O'BRIEN, J.
I concur with BROWN, J.