# JOSEPH C. HOUCK v. CHARLES G. INGLES and Another.[1]

July 3, 1914.

Nos. 18,649—(180).

**Sunday show — contract valid.**

1. Conducting a picture and vaudeville show on Sunday, when it is so conducted as not seriously to interrupt the repose and religious liberty of the community, is not in violation of R. L. 1905, § 4981, et seq., as amended by Laws 1909, c. 267, all now embraced in G. S. 1913, §§ 8752–8754; and it is *held* that a contract for advertising space on the curtain of a theater so conducted, the contract contemplating its use on Sunday, is not void, applying and following State v. Chamberlain, 112 Minn. 52.

**Execution of contract on Sunday.**

2. The execution of a contract on Sunday, for such advertising space, is not void, the work or business in connection therewith not being so conducted as to interrupt the repose and religious liberty of the community, applying and following Holden v. O'Brien, 86 Minn. 297.

Action in the municipal court of St. Paul to recover $159.54. The case was tried before Finehout, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Edward A. Knapp,* for appellant.

*R. A. Walsh,* for respondent.

DIBELL, C.

This action was brought by the plaintiff, the owner of the advertising privileges on the curtains in two theaters in St. Paul, to recover for advertising space furnished the defendants under a written contract. At the close of the testimony the case was dismissed on the

---

[1] Reported in 148 N. W. 100.

Note.—On the question of keeping theater open on Sunday as violation of Sunday law, see note in 17 L.R.A.(N.S.) 1157.

126 M.—17.

motion of the defendants. The plaintiff appeals from the order denying his motion for a new trial.

1. The two theaters conducted picture show and vaudeville entertainments daily including Sundays. The advertising contract between the plaintiff and the defendants contemplated that the space on the curtains would be used daily including Sundays.

The defendants claim that the theaters were conducted on Sunday in violation of law; and that therefore the plaintiff cannot recover. They rely upon R. L. 1905, § 4981, et seq., as amended by Laws 1909, p. 317, c. 267, all now embraced in G. S. 1913, §§ 8752–8754. That statute, so far as it prohibits public shows on Sunday, was construed in State v. Chamberlain, 112 Minn. 52, 127 N. W. 444, 30 L.R.A.(N.S.) 335, 21 Ann. Cas. 679, not to prohibit a picture show when the same was conducted in such a way as not seriously to interfere with the repose and religious liberty of the community. That was made the test. There is no substantial reason for distinguishing between that case and this; and applying and following it we hold that a contract for advertising space on the curtain of a theater so conducted, though the contract contemplated its use on Sunday, is not illegal. It is not claimed that the theaters were so conducted as to offend the statute as it was construed in State v. Chamberlain, supra. Since the theater was legally conducted, as well as because of a change of the statute, Handy v. St. Paul Globe Pub. Co. 41 Minn. 188, 42 N. W. 872, 4 L.R.A. 466, 16 Am. St. 695, is without application.

2. The contract bears date of December 8, 1912, which was Sunday. The defendant claims that it is void because executed on Sunday. The evidence is not conclusive that the contract was concluded or that it was signed or accepted on Sunday. It was the result of negotiations. Conceding that it was executed on Sunday it does not follow that it is void. In Holden v. O'Brien, 86 Minn. 297, 90 N. W. 531, it was held that the word "work," as used in the statute, was the equivalent of the words "labor, business or work," as used in a prior statute; but that the intention of the legislature was to prohibit the carrying on of any business or traffic to the extent of seriously interrupting the religious observance of Sunday; and that the

casual execution and delivery of a promissory note on Sunday, not interrupting the repose and religious liberty of the community, was not within the prohibition of the statute. The test stated in the preceding paragraph of the opinion was applied. Applying and following the doctrine of that case it cannot be held that the contract involved is invalid.

Order reversed.